### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. CIV-12-147-D |
| | ) |
| CITY OF OKLAHOMA CITY, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff, who appears *pro se* and *in forma pauperis*, has filed a Complaint purporting to seek relief against the defendants on a number of grounds. As required by 28 U. S. C. § 1915, the Court has reviewed the allegations in the Complaint as required by the statute, which provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune
>           from such relief.

28 U. S. C. § 1915(e)(2). When reviewing the sufficiency of a *pro se* complaint, the Court must construe the allegations liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Yang v. Archuleta,* 525 F. 3d 925, 927 n. 1 (10th Cir. 2008). The Court is not, however, required to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F. 3d 1090, 1096 (10th Cir. 2009) (quotations omitted).

Based on the foregoing rules, the Complaint must be dismissed pursuant to

§ 1915(e)(2)(B)(ii), as it fails to state a claim for relief.  Although the factual contentions are vague, Plaintiff states that relief is sought for unspecified conduct which allegedly violates 42 U. S. C. §§1983, 1985, and 1986.  He also lists several other federal statutes in the Complaint, but does not allege facts to show how these statutes were violated by any defendant.

To state a claim upon which relief may be granted, a plaintiff must allege sufficient facts to show a claim for relief is plausible.  *See Ridge at Red Hawk, LLC v. Schneider,* 493 F. 3d 1174, 1177 (10th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007).[1]  The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient to satisfy the plausibility requirement; the Complaint must give the Court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for his claims.  *Id.*

The Complaint in this case fails to satisfy these requirements.  Furthermore, it fails to identify the conduct on which Plaintiff's claims are allegedly based,  does not identify the defendant who allegedly committed the purported wrongful conduct, and thus fails to provide the defendants with "fair notice as to the basis of the claims" asserted.  *Robbins v. Oklahoma,* 519 F. 3d 1242, 1250 (10th Cir. 2008).  As a result, dismissal for failure to state a claim for relief is warranted.  *Id.*

Furthermore, the Court concludes it would be futile to allow Plaintiff to amend in an effort to cure these deficiencies.  The records of the United States District Court for the Western District of Oklahoma reflect that Plaintiff has repeatedly filed Complaints asserting vague and conclusory allegations lacking factual support and failing to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, resulting in dismissal pursuant to Rule 12(b)(6) and/or § 1915(e)(2)(B).  *See,*

---

[1]Although *Ridge at Red Hawk* and *Twombly* address dismissal pursuant to Fed. R.Civ.P 12(b)(6) rather than 28 U.S.C. § 1915(e), the standards governing the Court's review of the sufficiency of a Complaint are the same under both provisions.  *See Chavez v. Schwartz,* 2012 WL 130708, at *2 (10th Cir. Jan. 18, 2012) (unpublished opinion).

*e.g., Wilson v. City of Oklahoma City, et al.,* CIV-11-1029-F, September 20, 2011 Order [Doc. No. 4]; *Wilson v. City of Oklahoma City, et al.,* CIV-10-1094-M, October 20, 2010 Order [Doc. No. 7]; *Wilson v. City of Oklahoma City, et al.,* CIV-10-1043-R, September 24, 2010 Order [Doc. No. 4].[2]

In fact, the vague allegations in the Complaint are similar to those asserted in a recent case filed by Plaintiff, *David Wilson v. City of Oklahoma City, et al.,* CIV-11-1131-C, which was dismissed pursuant to 28 U. S. C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. *See* October 20, 2011 Order, CIV-11-1131-C [Doc. No. 6]. Plaintiff appealed that decision, and the Tenth Circuit Court of Appeals affirmed, finding "dismissal is proper because Mr. Wilson cannot prevail on the facts he has alleged and because an opportunity to amend would be futile." *Wilson v. City of Oklahoma City,* 2012 WL 130713, at *1 (10th Cir. Jan. 18, 2012) (unpublished opinion).

A comparison of the allegations in the Complaint rejected by the Tenth Circuit in that case with those asserted in the instant case confirms that dismissal is also appropriate here, as the instant Complaint is less detailed and contains fewer factual contentions than were asserted in the Complaint filed in CIV-11-1131-C. Accordingly, pursuant to 28 U. S. C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint is hereby DISMISSED without prejudice.

IT IS SO ORDERED this 16th day of February, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The cited cases are not a complete list of all actions filed by Plaintiff, but are representative examples of the more than ten cases he has filed since 2010.